UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-23385-JB/REID

IN THE MATTER OF THE:

COMPLAINT OF FISHER ISLAND
COMMUNITY ASSOCIATION, INC., as
Owner of the M/V PELICAN II,
Official Number 1296903,

    Petitioner.
_____/

# REPORT AND RECOMMENDATION GRANTING PETITIONER'S FINAL DEFAULT JUDGMENT

This cause is before the Court on Petitioner Fisher Island Community Association, Inc.'s ("Petitioner" or "Fisher Island") Renewed Motion for Final Default Judgment as to All Parties Except Estate of Cristian Fernandez. [ECF No. 24].

Petitioner Fisher Island Community seeks to "claim and invoke rights, privileges, remedies, and procedures of the Shipowner's Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*" [ECF No. 1 ¶ 4]. Petitioner owned and maintained a ferry boat called the *M/V Pelican II*. [*Id.* ¶¶ 5–6]. In the middle of the night on June 25, 2023, the *Pelican* departed its Fisher Island terminal *en route* to the MacArthur Causeway, sailing across the Government Cut Waterway. [*Id.* ¶ 8]. Its captain observed a motor vessel traveling fast and getting closer to the ferry. [*Id.*]. The captain attempted to dodge impact, but the motor vessel crashed into the *Pelican*'s port side. [*Id.* ¶ 9]. The crash killed the motor vessel's occupant, Cristian Gaston Fernandez, and injured fellow passenger, Angel Dominguez. [*Id.* ¶ 8].

Petitioner moved for an Order Entering Default "as to those persons and entities who did not file a timely claim or answer" to its Petition. [ECF No. 24 at 1] (citing [ECF No. 9]). The Court

granted its motion and "directed the Clerk of Court to enter Default against all non-filing parties having an interest in this matter." [ECF No. 24 at 1] (citing [ECF No. 10]). Fidelina Garcia, the mother of Cristian Fernandez, then filed a "late claim." [ECF No. 24 at 2]. Afterward, the Court entered an Omnibus Paperless Order on February 22, 2024, stating "Fidelina Garcia requests that the Clerk's Entry of Default as to potential claimant Cristian Fernandez be vacated and that the estate of potential claimant Cristian Fernandez be given an additional fourteen . . . days from the date of this order to file a claim." [ECF No. 21]. The Court then granted Garcia's Motion to Vacate Default and set aside the Clerk's Entry of Default as to potential claimant Cristian Fernandez. The Court also granted her Motion to Enlarge Monition Period *Nunc Pro Tunc*, allowing "the estate of potential claimant Cristian Fernandez fourteen days to file a claim." [*Id.*] Lastly, the Court denied Petitioner's Motion for Final Default Judgment as moot. [*Id.*]. No other claimant appeared following the Court's Order.

Petitioner has since effectuated service under Federal Rule of Civil Procedure F(4), the Supplemental Rules for Admiralty and Maritime Claims. [ECF No. 24 ¶ 1]. Petitioner also provided proof of service by publishing notice in the *Miami Herald* and *Daily Business Review*. [*Id.* ¶ 2; ECF No. 24-2].

The Estate of Cristian Fernandez is the only party that has appeared in a timely manner, and the deadline for filing claims is now closed. [ECF Nos. 24 ¶¶ 3–4; 37]. In fact, the brother of Cristian Fernandez has been duly appointed the Personal Representative of the Estate of Cristian Fernandez and has filed a Second Amended Rule F(5) Claim in this limitation of liability action, but no other claimants have appeared. [ECF No. 37].

Therefore, the Court, having reviewed the Motion, and noting Petitioner's compliance with all applicable Court Orders and the Federal Rules of Civil Procedure, noting that the only party

having timely appeared is the Estate of Cristian Fernandez, and being otherwise fully advised in the premises, **RECOMMENDS** that the Motion [ECF No. 24] be **GRANTED**. The Court should enter Final Default Judgment as to those persons and entities who did not file a timely claim or answer. The Court further orders that no money damages, attorneys' fees, or costs of any kind are awarded to Petitioner/Plaintiff from any person or entity.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**DONE AND ORDERED** this 7th day of October 2024.

                                              LISETTE M. REID
                                              UNITED STATES MAGISTRATE JUDGE

**cc: United States District Judge Jacqueline Becerra;
and Counsel of Record**