UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-23385-JB/REID

IN THE MATTER OF THE:

COMPLAINT OF FISHER ISLAND
COMMUNITY ASSOCIATION, INC., as
Owner of the M/V PELICAN II,
Official Number 1296903,

     Petitioner.
_____/

## REPORT AND RECOMMENDATION DENYING PETITIONER'S MOTIONS TO DISMISS AS MOOT

     This cause is before the Court on Petitioner Fisher Island Community Association, Inc.'s ("Petitioner" or "Fisher Island") Motions to Dismiss. [ECF Nos. 25, 33].

     Petitioner Fisher Island Community seeks to "claim and invoke rights, privileges, remedies, and procedures of the Shipowner's Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*." [ECF No. 1 ¶ 4]. Petitioner owned and maintained a ferry boat called the *M/V Pelican II* (the "*Pelican*"). [*Id.* ¶¶ 5–6]. In the middle of the night on June 25, 2023, the *Pelican* departed its Fisher Island terminal *en route* to the MacArthur Causeway, sailing across the Government Cut Waterway. [*Id.* ¶ 8]. According to Petitioner, its captain observed a motor vessel traveling fast and getting closer to the ferry. [*Id.*]. The captain attempted to dodge impact, but the motor vessel crashed into the *Pelican*'s port side. [*Id.* ¶ 9]. The crash killed the motor vessel's occupant, Cristian Gaston Fernandez, and injured fellow passenger, Angel Dominguez. [*Id.* ¶ 8]. This Court entered a writ of monition requiring all claims for personal injury, property damage, destruction, or other losses arising from the subject casualty be filed on or before December 29, 2023. [ECF No. 6].

1

Petitioner has filed two motions to dismiss claims filed on behalf of Cristian Fernandez in this action. [ECF Nos. 25, 33]. The first Motion to Dismiss, filed on March 21, 2024, sought to dismiss a claim filed by Fidelina Garcia, the mother of Cristian Fernandez, under Federal Rule of Civil Procedure 12(b)(6). [ECF No. 25 at 1]. Before that motion was ruled upon, Fidelina Garcia filed an amended claim. [ECF No. 30]. Petitioner then filed a second Motion to Dismiss, seeking to dismiss only Count III of Garcia's amended claim. [ECF No. 33 at 1]. Later, however, Alexis Fernandez, Cristian Fernandez's brother, filed a Second Amended Rule F(5) Claim on behalf of Cristian Fernandez. *See generally* [ECF No. 37]. There, he explained that this new claim "drops Count III of the Amended Claim . . . and substitutes Alexis Fernandez, the Estate's Personal Representative, as the named Claimant. Undersigned counsel has conferred with Petitioner's counsel who has consented to the amendment. . .. Federal Rule of Civil Procedure 15(a)(2) is accordingly satisfied." [*Id.* at 1 n.1] (citation omitted). At a hearing held regarding the status of these motions, Petitioner conceded that Fidelina Garcia's claims had been superseded by the later claim filed by Alexis Fernandez on behalf of the deceased Cristian Fernandez. [ECF No. 48].

Therefore, the Court **RECOMMENDS** that Petitioner's Motions to Dismiss the claims filed by Fidelina Garcia [ECF Nos. 25, 33] be **DENIED AS MOOT**.

Objections to this Report may be filed with the District Judge within **fourteen days** of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**DONE AND ORDERED** this 21st day of October 2024.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

**cc: United States District Judge Jacqueline Becerra;**
**and Counsel of Record**