UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-23385-JB/REID

IN THE MATTER OF THE:

COMPLAINT OF FISHER ISLAND
COMMUNITY ASSOCIATION, INC., as
Owner of the M/V PELICAN II,
Official Number 1296903,

      Petitioner.

_____/

## REPORT AND RECOMMENDATION GRANTING PETITIONER'S MOTION

This cause is before the Court on the Motion to Stay or Dismiss the Limitation of Liability Action and Dissolve the Court's Injunction filed by Claimant Alexis Fernandez ("Claimant"), as Personal Representative of the Estate of Cristian Gaston Fernandez. [ECF No. 38]. The Honorable Jacqueline Becerra referred this Motion to the Undersigned for a Report and Recommendation. [ECF No. 41]. Given that Petitioner Fisher Island Community Association Inc. ("Petitioner" or "Fisher Island") filed its Response [ECF No. 40] and Claimant submitted a Reply [ECF No. 42], the matter is now ripe for a determination. For the reasons explained below, it is **RECOMMENDED** that Claimant's Motion [ECF No. 38] be **GRANTED**.

## I.     BACKGROUND

The Petitioner owned and maintained a ferry boat named the *M/V Pelican II* (the "*Pelican*"). [ECF No. 1 ¶¶ 5–6]. In the middle of the night on June 25, 2023, the *Pelican* departed its Fisher Island terminal *en route* to the MacArthur Causeway, sailing across the Government Cut Waterway. [*Id.* ¶ 8]. According to Petitioner, its captain observed a motor vessel traveling fast and getting closer to the ferry. [*Id.*]. The captain attempted to dodge impact, but the motor vessel

crashed into the *Pelican*'s port side. [*Id.* ¶ 9]. The crash killed the motor vessel's occupant, Cristian Gaston Fernandez, and injured fellow passenger, Angel Dominguez. [*Id.* ¶ 8].

Fisher Island then moved for Issuance of Limitation Injunction and a Monition and Order Approving its Security under 46 U.S.C. §§ 30501 *et seq.* and Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. [ECF No. 5 ¶ 1]. This Court entered an injunction restraining and staying any other proceedings against Petitioner and entered a Writ of Monition requiring all claims for personal injury, property damage, destruction, or other losses arising from the subject casualty be filed in this case on or before December 29, 2023. [ECF No. 6 at 1]. Petitioner stipulated that any damages arising from the action be limited to the value of the vessel in the amount of $5,750,000.00 and the Court accepted the stipulated amount in the interim. [ECF No. 6 at 2].

Alexis Fernandez, Cristian Fernandez's brother, filed a Second Amended Rule F(5) Claim on behalf of Cristian Fernandez. *See generally* [ECF No. 37]. An initial claim had been filed by Cristian Fernandez's mother, Fidelina Garcia, on behalf of Cristian but, after being appointed as the Personal Representative for Cristian's estate, Alexis Fernandez filed the Second Amended Rule F(5) Claim. He explained that his claim "substitutes Alexis Fernandez, the Estate's Personal Representative, as the named Claimant." [ECF No. 37 at 1 n.1] (citation omitted); *see also* [ECF No. 50]. Claimant now moves to dismiss or stay the action and lift the injunction so that he may file a wrongful death negligence action in Florida state court. [ECF No. 38 at 1]. In consideration of the motion, Claimant avers that he is the only claimant in this action and made certain stipulations concerning liability and Petitioners' right to litigate. [ECF No. 38-1]; *see also* [ECF No. 49] (Report and Recommendation Granting Petitioner's Final Default Judgment as to all Parties Except Estate of Christian Fernandez).

Meanwhile, Miguel Dominguez ("Dominguez"), the co-owner of the vessel along with Angel Dominguez, filed his own Petition for Exoneration From or Limitation of Liability, seeking exoneration or limitation of liability to the value of his vessel, a 1997 32' Scorpion Power, valued at $34,205. *In re Am. Pet. of Miguel Dominguez*, No. 23-cv-23646-BLOOM/Otazo-Reyes (S.D. Fla. Sept. 22, 2023), [ECF No. 1]. Fisher Island filed a Rule F(5) Claim in Dominguez's Limitation of Liability action alleging that but for Dominguez's actions that fatal night, it would not "have to defend [Fernandez's] action, incurring the threat of damages, attorney's fees, and costs." [*Id.* ¶ 28]. Fisher Island stated it was entitled to recover contribution from Dominguez based upon Angel and Miguel Dominguez' percentage of fault for the crash and for attorney's fees and costs incurred to defend against Fernandez's claim. [*Id.* ¶ 30]. At the request of Petitioner, on July 22, 2024, the Court consolidated Dominguez's and Petitioner's case into the instant case before the Undersigned. [ECF Nos. 43, 45].

Prior to the consolidation, however, Fisher Island opposed Fernandez's request to stay the action or lift the injunction arguing it would be improper because "[w]hile Alexis Fernandez is the only claimant currently, there are two ongoing limitation actions, both arising from the same June 25, 2023 collision." [ECF No. 40 at 4] (citing *In re Am. Pet. of Miguel Dominguez*, No. 23-cv-23646-BLOOM/Otazo-Reyes (S.D. Fla. Sept. 22, 2023), [ECF No. 1]).

In reply, Fernandez noted that its Stipulation adequately protected both Fisher Island's and Dominguez's rights to limit damages to the value of their vessels in the federal court and that Fisher Island would be entitled to pursue liability and damages from Dominguez in state court. [ECF No. 42]. The Stipulation attached as an exhibit to the Fernandez's claim stated that Fernandez

> [W]ill not seek to enforce any judgment rendered in any state court or any other forum, whether against Petitioner *or another person* or entity that would be entitled

to seek indemnity or contribution from Petitioner, by way of cross-claim or otherwise, until such time as this Court has adjudicated Petitioner's right to limit that liability.

[ECF No. 38-1 at ¶ 6] (emphasis added; alteration added).

After the matter was referred to the Undersigned, to clarify the parties' positions in light of the intervening consolidation of Fisher Island's and Dominguez's Limitation of Liability actions, the Undersigned held a hearing on October 7, 2024. At the hearing, both petitioners opposed Fernandez's request to stay the Limitation of Liability action. Fisher Island argued that the claims asserted between Fernandez and Dominguez are different. Fisher Island would be seeking attorney's fees against Dominguez that could risk exceeding the value of the vessel. *See In re Am. Pet. of Miguel Dominguez*, No. 23-cv-23646-BLOOM/Otazo-Reyes (S.D. Fla. May 10, 2024), [ECF No. 30 ¶¶ 28, 30]. Fisher also argued that affording Fernandez a jury trial in Florida state court also runs the risks of inconsistent verdicts, where Fernandez will sue Fisher Island and Dominguez will then file a crossclaim and apportionment of fault. When this matter returns to this Court, Fisher Island and Dominguez posit, the Court may re-try the issues.

## II.    LEGAL STANDARD

A ship owner may file a petition in federal court for protection under the Limitation of Liability Act where a suit may be imminent following a maritime accident. *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1036 (11th Cir. 1996). "Provided that the accident in question occurred without the vessel owner's 'privity or knowledge,' the Act limits the owner's liability to the value of his or her interest in the vessel and its pending freight." *Id.* Limitation of liability petitions are generally under the exclusive jurisdiction of the federal courts. *Id.* (collecting cases); *see also The Moses Taylor*, 71 U.S. 411 (1866); 28 U.S.C. § 1333.

The Limitation of Liability Act operates in two ways: (1) "[s]hipowners will not be liable for more than the total value of their vessels and freight," and (2) "shipowners will be able to litigate their actions in a federal forum." *Freedom Unlimited v. Taylor Lane Yacht & Ship, LLC*, No. 20-11102, 2021 WL 3629904, at *1 (11th Cir. Aug. 17, 2021) (alteration added). Once the vessel owner makes a "deposit with the court an amount representing the value of the vessel and its freight[,] . . . the district court stays all related claims against the vessel owner pending in any other forum[1] . . . ." *Beiswenger*, 86 F.3d at 1036 (alteration added) (citing 46 U.S.C. § 185; Fed. R. Civ. P. Supplemental Rules F(3), F(4)). "This creates a single equitable proceeding about the damage caused by the vessel. All other litigation about the incident—whether in state or federal court—must 'cease.'" *Skanska USA Civ. Se. Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1300 (11th Cir. 2023) (citing *Beiswenger*, 86 F.3d at 1036).

The Limitation of Liability Act, however, provides a "savings to suitors" clause where "a plaintiff in a maritime case alleging an *in personam* claim" generally has the option to "file suit in state court." *Freedom Unlimited*, 2021 WL 3629904, at *1 (quoting *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1314 (11th Cir. 2020)). The Act's competing clauses create tension, where one clause provides a "choice of remedies," i.e., the saving to suitors clause, and the other provides owners the ability to limit their liability in a federal forum. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001); *see also Jefferson Barracks Marine Serv., Inc. v. Casey,* 763 F.2d 1007, 1009 (8th Cir. 1985) ("The conflict between the Limitation of Liability Act . . . and the 'saving to suitors' clause . . . has been troublesome for the courts."). In cases where both provisions are at play, "the primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to

---

[1] Fisher Island that it will make a deposit with the Court Registry for "a sum equal to the amount or value of the Petitioner's interest in the vessel, or other approved security, plus security for costs and interest at the rate of 6% within the meaning of 46 U.S.C. § 30501(a) . . . ." [ECF No. 1 ¶ 16].

reserve the adjudication of that right in the federal forum." *Beiswenger*, 86 F.3d at 1037 (quotations omitted).

There are two circumstances under which claimants must be allowed to try liability and damages issues in the forum of their choice. *Id.* The exception relevant here is the single claimant exception. Where there is only one claimant involved in the action, "the single claimant may try liability and damages issues in another forum by filing stipulations that protect the shipowner's right to have the admiralty court ultimately adjudicate its claim to limited liability." *Beiswenger*, 86 F.3d at 1037 (internal citation and quotation marks omitted). "Because a major purpose of the *concursus* proceeding is to resolve *competing* claims to the limitation fund … district courts should disfavor sending the case to a state court for a jury trial when conflicting "claims for indemnity or contribution from the vessel owner's co-defendants must be separately considered" absent stipulations where a claimant "promises not to enforce any state court judgment . . . against *any* party . . .." *See* 86 F.3d at 1042–43.

Indeed, there will be times when there is more than a sole claimant. That alone, however, may not disqualify the single claimant exception given proper stipulations and a finding that the claimants are the "functional equivalent of a single claim situation." *Freedom Unlimited*, 2021 WL 3629904, at *3 (internal quotation marks omitted).

### III.   ANALYSIS

The Court finds that the single claimant exception applies here. First, Fisher Island concedes that Fernandez is the only claimant. [ECF No. 40 at 4]. The Undersigned also noted in a previous Report and Recommendation regarding default judgment in this matter that, "The Estate of Cristian Fernandez is the only party that has appeared in a timely manner, and the deadline for filing claims is now closed . . . ." [ECF No. 49 at 2] (internal citation omitted). Fisher Island argues,

however, that its right to adjudicate the Act's Limitation of Liability in a federal forum "would be greatly diminished because of the inability to measure respective fault" and further argues that it risks inconsistent rulings if a state court proceeding occurred in tandem with the federal litigation. [*Id.* at 4–5]. Dominguez argues staying the case for a state court jury trial would leave him unprotected from Fisher Island's crossclaim for attorney's fees, which may exceed the vessel's value. *See In re Am. Pet. of Miguel Dominguez*, No. 23-cv-23646-BLOOM/Otazo-Reyes (S.D. Fla. May 10, 2024), [ECF No. 30 ¶¶ 28, 30]. Dominguez and Fisher Island argue these issues are not derivative of Fernandez's claims and must be considered separately. *See Beiswenger*, 86 F.3d at 1042; *accord In re Live Life Bella Vita LLC*, 115 F.4th 1188, 1198 (9th Cir. 2024) (citing *Beiswenger*, 86 F.3d at 1042).

But this issue is rectified in Fernandez's stipulation. To that point, Fisher Island's Response is silent on whether Claimant's stipulations are sufficient. Nonetheless, the Court believes that they conform to the precedent established in *Beiswenger* and *Freedom Unlimited*. "[T]he stipulations must protect the vessel owner's right to litigate its claim to limited liability exclusively in the admiralty court" and possibly suggest that "*all* potential claimants against the vessel owner, including third parties who might have contribution or indemnity claims, must sign protective stipulations in order for the injured claimants to proceed outside of the limitation action." *Beiswenger*, 86 F.3d at 1043–44 (alteration added; citing *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 675 (5th Cir.1996)). Here, Fernandez stipulated that "Petitioner has the right to have this Court determine the value of and Petitioner's interest in the *M/V Pelican II*, and this Court has exclusive jurisdiction to determine those issues." [ECF No. 38-1 ¶ 4]. Lastly, "the stipulations must protect the vessel owner from litigation by the damage claimants in *any* forum outside the limitation proceeding." *Beiswenger*, 86 F.3d at 1044. Fernandez does just that: "I

stipulate that . . . I will not seek to enforce any judgment rendered in any state court or any other forum, whether against Petitioner or another person or entity that would be entitled to seek indemnity or contribution from Petitioner . . ..” [ECF No. 38-1 ¶ 6].

This stipulation shields Fisher Island and Dominguez from the enforcement of a state court judgment beyond the value of their respective vessels. If the state court jury finds any liability on the part of Fisher Island or Dominguez and reaches a verdict concerning the proportion of fault, Fernandez has agreed that he will return to this forum where the federal court alone can decide whether Fisher Island is entitled to limit its liability under the provisions of the Limitation of Liability Act. *See Beiswenger*, 86 F.3d at 1043–44 (“By giving up such claims unless and until limitation is denied, appellees have eliminated the possibility that competing claims will exhaust the limitation fund before the admiralty court has the opportunity to determine whether to grant limited liability . . ..”). Likewise, Fernandez has agreed that it would not seek to enforce any state court judgment against Fisher Island until the federal court adjudicates Fisher Island’s right to limit liability. [*Id.*]. And, Fernandez has explicitly agreed in his Reply to the same stipulation for Dominguez. [ECF Nos. 38-1, 42 at 5].

Recently, the Eleventh Circuit Court of Appeals in *Freedom Unlimited* found this identical stipulation provided adequate protection to petitioners in a similar position. 2021 WL 3629904 at *1. There, an injured deckhand brought a state court action against a vessel owner and a ship repair company to recover for injuries he sustained while working on the vessel.  In turn, the vessel owner initiated a limitation action in federal court, triggering claims from the deckhand for negligence and unseaworthiness from the vessel and for contribution from the ship repair company in case it was found liable to the deckhand. The deckhand then moved to stay the limitation action, stipulating that he would not (1) “seek to enforce any judgment rendered in any court, whether

against the Petitioner or another person or entity that would be entitled to seek indemnity or contribution from the Petitioner, by way of cross-claim or otherwise, that would expose the Petitioner to liability in excess of the to be determined limitation fund, until such time as this Court has adjudicated the Petitioner's right to limit that liability" or (2) "enforce any judgment that would require the Petitioner to pay for damages in excess of" the limitation fund. *Id.* at *2.

On appeal, the shipowner argued that the deckhand's stipulations couldn't support a single claimant exception because there were no corresponding stipulations from the ship repair company. The Eleventh Circuit held, however, that because the deckhand's stipulations promised "not to enforce any judgment procured in any forum beyond the limitation fund," it converted the matter into "the functional equivalent of a single claim case" under *Beiswenger*. *Id.* at *6. The court accordingly affirmed the district court's stay and permitted the deckhand's state court claims to proceed.

Fernandez has made the same stipulations here. [ECF No. 38-1, ¶¶ 6, 7]. Therefore, Dominguez's and Fisher Island's limitation actions will be protected while providing Claimant the opportunity to try the matter in the forum of his choice through the savings to suitors clause.

## IV.   CONCLUSION

For the reasons discussed, it is **RECOMMENDED** that Claimant Alexis Fernandez's Motion to Stay or Dismiss the Limitation of Liability Action and Dissolve the Court's Injunction [ECF No. 38] should be **GRANTED**. The matters in this Court should be stayed, and Claimant be allowed to pursue a negligence action in Florida state court. Objections to this Report may be filed with the District Judge within **fourteen days** of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district

court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also*

*Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28

U.S.C. § 636(b)(1)(C).

 **DONE AND ORDERED** this 12th day of November 2024.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

**cc: United States District Judge Jacqueline Becerra;**
**and Counsel of Record**